No. 19,582.

ABNER F. VANHOOK, *Appellant*, v. THE HAMILTON COAL & MERCANTILE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Coal Mine—Demurrer to Evidence Wrongfully Sustained*. The plaintiff, who was injured while working in a coal mine, sought a recovery upon the theory that the defendant had negligently failed to furnish him a safe place to work, and it is held that the testimony offered in support of his claim was sufficient to take the case to the jury.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed November 6, 1915. Reversed.

*C. A. McNeill, E. V. McNeill*, both of Columbus, *F. A. Walker*, of Weir, *C. S. Denison*, and *F. B. Wheeler*, both of Pittsburg, for the appellant.

*J. J. Campbell*, and *C. O. Pingry*, both of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question for determination in this appeal is, Does the evidence of plaintiff fairly tend to show a cause of action against defendant?

On or about July 6, 1909, Abner F. Vanhook was employed by The Hamilton Coal and Mercantile Company as a shotfirer

in one of its mines in Crawford county. The mine was operated, it is alleged, by what is commonly known as the room-and-pillar system. Vanhook's duty was to fire heavy charges of explosive which were embedded in the working face of the coal, and to escape from the explosion it was his custom to pass from one room to another through what is known as a breakthrough, or small passageway, connecting the rooms. Plaintiff alleged that a breakthrough connecting certain rooms of the mine was negligently and carelessly constructed in that it was of insufficient height and width to make it a reasonably safe place of refuge, escape and protection to the shotfirers, and necessitated that he crawl through it slowly. He further alleged that on this occasion before he got completely through the breakthrough a shot exploded and he was forced through the small opening, struck by missiles and blown against a pile of rock, severely and permanently injuring his right leg and causing him to suffer great pain. Plaintiff also alleged that he had paid out about $300 for doctors' and surgeons' services and medicines because of the injury and that he had lost about four months' time, to his damage in the sum of $600, and he asked a recovery of $10,000 as damages. Defendant answered denying its negligence and alleged that plaintiff had assumed the risk of the employment, that the injury was caused by a growth upon plaintiff's leg which existed long prior to the time of the alleged accident, and that the action was barred by the statute of limitations. Plaintiff offered evidence to which the defendant demurred, and the court sustained the demurrer. The plaintiff appeals.

In effect the petition charges neglect of the defendant of its common-law duty to furnish the plaintiff a safe place to work. The plaintiff did not allege or rely on a violation of any statutory duty. The evidence tends to show actionable negligence by the defendant in failing to provide plaintiff a reasonable means of escape from the room after igniting the fuses and before the explosions occurred. The firing of shots in mines is obviously dangerous work and care corresponding with the danger should be observed by both operators and miners. The plaintiff's work was to fire the shots which had been previously embedded in the coal by others in several of the rooms where mining was being done, traveling against the current of air.

Having fired shots in several rooms the plaintiff lighted the fuses in room three and then undertook to pass through an opening or breakthrough into room two. This opening appears to have been the only means of escape, as another breakthrough into the room had become obstructed. A number of charges of explosives are placed in each room, and it is said that the explosions occur in about one minute after the fuses are lighted. The necessity for prompt action in escaping from the room to a place of safety is easily apparent. The opening through which plaintiff sought to escape was round and only about eighteen inches wide, and it was through a wall which was over five feet thick. According to the testimony the plaintiff could only wriggle through, as he said, "on all-fours," a very slow and difficult method for a large man like the plaintiff. While he was working his passage through the opening an explosion occurred behind him which threw him with great force upon rocks in the adjoining room and caused injuries which are of a serious character. The explosion resulted from what is called a windy shot, and plaintiff was unable to give definitely the location of that shot. Defendant contends that it was not shown that the size of the breakthrough contributed to plaintiff's injury as alleged in the petition, and that the force of the explosion might have been felt and the risk been as great if he had escaped promptly into room two. It is enough to say that the explosion came from behind the plaintiff, where he had been firing shots, and that he was thrown and forced through the small opening into room two. That fact indicates the direction of the force and that there was less danger of injury in room two than in the place from which he was thrown. There is nothing substantial in the claim of variance nor in the one that the injury resulted from the pile of rocks on which plaintiff was thrown by the explosion. Plaintiff was engaged in firing shots and causing explosions, and, of course, explosions were expected to occur, and he alleged and offered proof tending to show that if proper means of egress had been provided as it was defendant's duty to provide he would have reached room two, a place of safety, before the explosion occurred and have avoided the injury that was inflicted. In no sense was the pile of stones in room two a proximate cause and certainly it was not the one relied upon. The plaintiff was

likely to have been injured if he had been thrown against the wall or upon a pile of coal in the adjoining room the same as when thrown upon a pile of stones.

There is a further contention that plaintiff knew of the insufficiency of the opening and therefore assumed the risk of the dangerous situation. The testimony is to the effect that he called the attention of the boss to the fact that the opening was insufficient and unsafe as a means of escape, and that that officer had promised to enlarge the opening and make a safe passage. It therefore became a question of fact as to whether the risk was assumed, and certainly the court could not determine, as a matter of law, that plaintiff had assumed the risk, and that therefore a recovery was barred. Under the rule upon which evidence is measured where a demurrer thereto is filed it must be held that that offered by the plaintiff under his petition was sufficient to take the case to the jury.

The judgment will therefore be reversed and the cause remanded for a new trial.